# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| ALMA ALVARADO, Individually and for Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>ENVOLVE CLIENT SERVICES GROUP, LLC,<br>        Defendant. | Case No. 3:22-cv-00292<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Alma Alvarado (Plaintiff) brings this collective action individually and on behalf of all current and former accountants (Putative Class Members) to whom Defendant Envolve Client Services Group, LLC denied proper overtime compensation for all hours worked. Plaintiff brings this action to recover unpaid overtime wages and other damages from Envolve Client Services Group, LLC (Envolve or Defendant) for herself and all others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b).

2. Envolve has failed to pay Alvarado, and other workers like her, overtime as required by the FLSA, for certain hours worked over forty hours in a week.

3. Alvarado and the Putative Class Members worked for Envolve as accountants.

4. Alvarado and the Putative Class Members were hourly employees of Envolve.

5. Alvarado and the Putative Class Members regularly worked more than 40 hours a week.

6. Envolve paid Plaintiff and the Putative Class Members the same hourly rate for all hours worked up to 40 hours, but did not pay Plaintiff and the Putative Class Members overtime at a rate of 1.5 their regular rates of pay for certain hours worked in excess of 40 in a week.

7. Instead, Envolve required Alvarado and Putative Class Members to work some hours in excess of 40 off-the-clock.

8. These off-the-clock hours were not paid by Envolve.

9. The FLSA requires that employees are paid for all hours, not certain hours, worked in a workweek.

10. Because the off-the-clock hours were not paid by Envolve, the FLSA Putative Class Members were not properly compensated at a rate of one-and-one-half times their regular rates–as defined by the FLSA–for hours worked in excess of 40 hours in a single workweek.

11. Envolve's decision not to pay overtime compensation to Plaintiff and the Putative Class Members for certain off-the-clock hours was neither reasonable nor in good faith.

12. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14. The Court has federal jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

15. Plaintiff Alvarado worked for Envolve in El Paso, Texas, in this District.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this district.

## THE PARTIES

17. Alma Alvarado was an hourly Senior Accountant.

18. Alvarado worked for Envolve from approximately December 2019 until approximately March 2022.

19. Her consent to be a party plaintiff is attached as **Exhibit A**.

20. Alvarado brings this action on behalf of herself and all other similarly situated Putative Class Members under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b).

21. The class of similarly situated hourly Accountant employees who were not paid full overtime for off-the-clock work is defined as:

> **All hourly accountants who worked for, or on behalf of, Envolve in the United States who worked off-the-clock in the past three (3) years.**

22. The identities of the hourly accountants can be readily ascertained from Envolve's records.

23. Envolve is a property management company headquartered in Memphis, Tennessee.

24. Envolve may be served by serving its registered agent: Corporation Service Company, Inc.: 2908 Poston Ave Nashville, TN 37203-1312.

## COVERAGE UNDER THE FLSA

25. All previous paragraphs are incorporated as though fully set forth herein.

26. At all relevant times, Envolve was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all relevant times, Envolve was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. At all relevant times, Envolve was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §

203(s)(1), because it had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

29. At all relevant times, Envolve had an annual gross volume of sales made in excess of $1,000,000.

30. At all relevant times, Alvarado and the Putative Class Members (defined above) were individual employees engaged in commerce or in the production of goods for commerce.

31. During the respective periods of Plaintiff and the Putative Class Members' employment with Envolve, the Putative Class Members provided services for BCL that involved interstate commerce for purposes of the FLSA.

## FACTS

32. Envolve is a real estate and property management company that offers a variety of client services.

33. Alvarado worked for Envolve from approximately December 2019 until March 2022.

34. Alvarado performed work for Envolve in El Paso, Texas.

35. Alvarado was a senior accountant for Envolve.

36. Alvarado was an hourly employee of Envolve.

37. Alvarado handled payments, financials, and audits for sixteen properties under Envolve's purview.

38. During this time, Alvarado worked close to 60 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

39. Envolve required Alvarado to work through her lunch period, even as Envolve also required Alvarado to clock out for lunch.

40. Alvarado was typically only paid for work performed between her scheduled start and end times. Though Alvarado was required to work for Envolve after her scheduled end time on a regular basis, she was not always paid for any auditing or other tasks conducted after her scheduled work times, nor for working through meal periods.

41. Moreover, when Envolve did elect to pay overtime compensation to Alvarado, Envolve only paid overtime compensation to Alvarado for some of the hours she worked in excess of 40 in a workweek.

42. Alvarado is one of many such accountants that Envolve employed.

43. Numerous other Envolve accountants held similar positions, were paid on an hourly basis like Alvarado, and performed tasks for Envolve similar to those Alvarado performed.

44. Other Envolve hourly accountants were subjected to the same illegal pay practices involving off-the-clock work as Plaintiff, for performing the same or similar work.

45. These accountants make up the proposed collective of Putative Class Members

46. At all relevant times, the Putative Class Members were paid on an hourly basis.

47. At all relevant times, the Putative Class Members worked more than 40 hours in a week.

48. At all relevant times, the Putative Class Members frequently worked through lunch off-the-clock, without being paid for the time they spent working.

49. At all relevant times, the Putative Class Members were not always paid for the work performed between their scheduled start and end times.

50. At all relevant times, when the Putative Class Members were paid overtime, said overtime compensation would only be for some of the hours worked in excess of 40 in a workweek.

51. Though the Putative Class Members were required to continue working for Envolve through meal periods and after the times their shifts were scheduled to end, they were not always paid

for the time spent auditing, remitting payments to vendors, mortgage-holders, and others end-of-month reconciliations, or performing other tasks off-the-clock.

52. Envolve would inconsistently pay Alvarado and the Putative Class Members some overtime for hours worked in excess of forty (40) in a week. However, this happened infrequently, and the overtime paid was only for some of the hours in excess of 40 that were actually worked.

53. Alvarado and the Putative Class Members were not paid for all work hours in excess of 40 in a single week; due to Envolve's off-the-clock work policy when they were paid overtime, said compensation was only for certain hours worked in excess of forty (40) in a week.

54. The time Alvarado and the hourly accountants spent performing their off-the-clock work was an integral and indispensable part of their principal activities, was required by Envolve, and was performed for Envolve's benefit.

55. Envolve required employees to be at their designated work areas performing their assigned work after their scheduled work times. However, Envolve did not consistently pay them for this post-shift, off-the-clock work.

56. As such, Alvarado and the Putative Class Members were not properly compensated at one-and-one-half times their regular rates – as defined by the FLSA – for all overtime worked in excess of 40 hours in a single workweek.

57. Envolve's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

58. All previous paragraphs are incorporated as though fully set forth herein.

59. Numerous individuals were victimized by Envolve's illegal pay practices – requiring employees to work unpaid off-the-clock and failing to ensure that the employees' hourly regular rate included off-the-clock work for overtime purposes – which is in willful violation of the FLSA.

60. Based on her experience with Envolve, Alvarado is aware that Envolve's illegal pay practices were imposed on the Putative Class Members.

61. Even if their precise job titles may differ, the Putative Class Members are all victims of Envolve's unlawful compensation practices and are similarly situated to Alvarado in terms of *relevant* job duties, pay provisions, and employment practices.

62. Moreover, any differences in job duties do not detract from the fact that these hourly workers are entitled to overtime pay.

63. Alvarado and the hourly accountants worked hours off-the-clock, but Envolve did not include these payments in the calculation of regular rates for overtime purposes.

64. Alvarado and the Putative Class Members regularly work or have worked in excess of 40 hours during a workweek, with many of those hours worked off-the-clock and unpaid.

65. Unpaid off-the-clock work does not fall within the few and narrow regular rate exclusions of the FLSA.

66. Envolve's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

67. The specific job titles or precise job locations of the various FLSA Putative Class Members does not prevent collective treatment.

68. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

69. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

70.     The workers impacted by Envolve's illegal pay practices should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION – VIOLATION OF THE FLSA

71.     All previous paragraphs are incorporated as though fully set forth herein.

72.     Envolve has violated, and continues violating, Section 7 of the FLSA, 29 U.S.C. §§ 207, by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

73.     In violating the FLSA, Envolve knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and the Putative Class Members overtime compensation for certain hours worked in excess of 40 in a workweek.

74.     Because Envolve knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Envolve owes these wages for at least the past three years. Envolve knew or should have known its pay practices were in violation of the FLSA.

75.     The decision and practice by Envolve to not pay overtime for certain hours worked in excess of forty (40) was neither reasonable nor in good faith.

76.     Accordingly, Plaintiff and all those similarly situated are entitled to overtime wages for hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

## JURY DEMAND

77. Alvarado demands a trial by jury

## PRAYER

78. Alvarado prays for relief as follows:

   a. An Order designating the FLSA Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order requiring Envolve to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential putative class members;

   c. Judgment awarding Plaintiff and the Putative Class Members all unpaid overtime, liquidated damages, and other compensation and relief available under the FLSA;

   d. For an Order awarding attorneys' fees, costs, and pre-and post-judgment interest; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Andrew W. Dunlap**
    State Bar No. 24078444
    **Alyssa J. White**
    State Bar No. 24073014
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    awhite@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**