UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALMA ALVARADO<br>Individually and for others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENVOLVE CLIENT SERVICES GROUP, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§   Case No. 3:22-cv-00292<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT'S ORIGINAL ANSWER
TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendant Envolve Client Services Group, LLC ("Envolve" or "Defendant") files this Original Answer to Plaintiff Alma Alvarado's ("Alvarado" or "Plaintiff") Original Collective Action Complaint ("Complaint") and states as follows:

**I.   LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Envolve denies the allegations in the Complaint except to the extent expressly admitted below.

**II.   ANSWERS TO PLAINTIFF'S ALLEGATIONS**

**Summary[1]**

1.   Envolve admits that Alvarado purports to bring claims individually and on behalf of current and former accountants of Envolve for allegedly denying proper overtime compensation. Envolve admits that Alvarado purports to bring a collective action to recover alleged unpaid overtime wages and other damages for herself and others who are allegedly

---

[1] Defendant's Answers to Plaintiff's Allegations track the headings used in the Complaint. None of the headings are intended to constitute admissions, and Defendant reserves the right to challenge all of Plaintiff's claims.

similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Envolve denies all other allegations in Paragraph 1.

2. Envolve denies the allegations in Paragraph 2.

3. Envolve denies that Alvarado worked for Envolve as an "accountant." Envolve lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3.

4. Envolve admits that Alvarado was an hourly employee of Envolve. Envolve lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4.

5. Envolve denies that Alvarado regularly worked more than 40 hours per week at Envolve. Envolve lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5.

6. Envolve denies the allegations in Paragraph 6.

7. Envolve denies the allegations in Paragraph 7.

8. Envolve denies the allegations in Paragraph 8.

9. Envolve states that Paragraph 9 contains legal conclusions to which no response is required.

10. Envolve denies the allegations in Paragraph 10.

11. Envolve denies the allegations in Paragraph 11.

12. Envolve admits that Alvarado purports to bring a collective action that seeks to recover alleged unpaid overtime wages and other damages allegedly owed to Envolve employees.

**Jurisdiction and Venue**

13. Envolve admits that Alvarado purports to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1331, but Envolve denies that Alvarado or any of the putative collective action members she seeks to represent are entitled to recover any damages or other relief in this lawsuit under the FLSA and denies that this lawsuit is suitable for collective action treatment.

14. Envolve lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Envolve admits the allegations in Paragraph 15.

16. Envolve admits that venue is proper in the United States District Court for the Western District of Texas—El Paso Division with respect to Alvarado's claims individually. Envolve denies the remaining allegations in Paragraph 16.

17. Envolve admits the allegations in Paragraph 17.

18. Envolve admits the allegations in Paragraph 18.

19. Envolve admits the allegations in Paragraph 19.

20. Envolve admits that Alvarado purports to bring this action on behalf of herself and all other similarly situated putative collective action members under the collective action provisions of the FLSA. Envolve denies that Alvarado or any of the putative collective action members she seeks to represent are entitled to recover any damages or other relief in this lawsuit under the FLSA and denies that this lawsuit is suitable for collective action treatment. Envolve denies any remaining allegations in Paragraph 20.

21. Envolve admits that Alvarado seeks to represent a collective that she defines as "[a]ll hourly accountants who worked for, or on behalf of, Envolve in the United States who worked off-the-clock in the past (3) years." Envolve denies that such a collective exists, denies

that this lawsuit is suitable for collective action treatment, and denies any remaining allegations in Paragraph 21.

22. Envolve admits the allegations in Paragraph 22.

23. Envolve admits the allegations in Paragraph 23.

24. Envolve admits the allegations in Paragraph 24.

### Coverage Under the FLSA

25. Envolve reasserts and incorporates by reference its responses to Paragraphs 1 through 24 of the Complaint.

26. Envolve states that Paragraph 26 contains legal conclusions to which no response is required.

27. Envolve states that Paragraph 27 contains legal conclusions to which no response is required.

28. Envolve states that Paragraph 28 contains legal conclusions to which no response is required.

29. Envolve admits the allegations in Paragraph 29.

30. Envolve states that Paragraph 30 contains legal conclusions to which no response is required.

31. Envolve lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

### Facts

32. Envolve admits the allegations in Paragraph 32.

33. Envolve admits the allegations in Paragraph 33.

34. Envolve admits the allegations in Paragraph 34.

35. Envolve admits the allegations in Paragraph 35.

36. Envolve admits the allegations in Paragraph 36.

37. Envolve admits that Alvarado handled some payments, financials, and audits for sixteen properties under Envolve's purview. Envolve denies the remaining allegations in Paragraph 37.

38. Envolve denies the allegations in Paragraph 38.

39. Envolve admits that it required Alvarado to clock out for lunch. Envolve denies that it required Alvarado to work through her lunch period.

40. Envolve denies the allegations in Paragraph 40.

41. Envolve denies the allegations in Paragraph 41.

42. Envolve denies the allegations in Paragraph 42.

43. Envolve admits that some other Envolve accountants were paid on an hourly basis. Envolve denies the remaining allegations in Paragraph 43.

44. Envolve denies the allegations in Paragraph 44.

45. Envolve denies the allegations in Paragraph 45.

46. Envolve admits the allegations in Paragraph 46.

47. Envolve denies the allegations in Paragraph 47.

48. Envolve denies the allegations in Paragraph 48.

49. Envolve denies the allegations in Paragraph 49.

50. Envolve denies the allegations in Paragraph 50.

51. Envolve denies the allegations in Paragraph 51.

52. Envolve denies the allegations in Paragraph 52.

53. Envolve denies the allegations in Paragraph 53.

54. Envolve denies the allegations in Paragraph 54.

55. Envolve denies the allegations in Paragraph 55.

56. Envolve denies the allegations in Paragraph 56.

57. Envolve states that Paragraph 57 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 57 do require a response, they are denied.

## Collective Action Allegations

58. Envolve reasserts and incorporates by reference its responses to Paragraphs 1 through 57 of the Complaint.

59. Envolve states that Paragraph 59 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 59 do require a response, they are denied.

60. Envolve states that Paragraph 60 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 60 do require a response, they are denied.

61. Envolve admits that the job titles among the alleged putative collective action members differ. Envolve denies the remaining allegations in Paragraph 61.

62. Envolve states that Paragraph 62 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 62 do require a response, they are denied.

63. Envolve denies the allegations in Paragraph 63.

64. Envolve denies the allegations in Paragraph 64.

65. Envolve states that Paragraph 65 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 65 do require a response, they are denied.

66. Envolve states that Paragraph 66 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 66 do require a response, they are denied.

67. Envolve denies the allegations in Paragraph 67.

68. Envolve denies the allegations in Paragraph 68.

69. Envolve admits that the issue of damages is individual in character. Envolve denies the remaining allegations in Paragraph 69.

70. Envolve denies the allegations in Paragraph 70.

### Cause of Action – Violations of the FLSA

71. Envolve reasserts and incorporates by reference its responses to Paragraphs 1 through 70 of the Complaint.

72. Envolve states that Paragraph 72 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 72 do require a response, they are denied.

73. Envolve states that Paragraph 73 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 73 do require a response, they are denied.

74. Envolve states that Paragraph 74 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 74 do require a response, they are denied.

75. Envolve states that Paragraph 75 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 75 do require a response, they are denied.

76. Envolve states that Paragraph 76 contains legal conclusions to which no response is required. To the extent allegations in Paragraph 76 do require a response, they are denied.

### Jury Demand

77. Envolve admits that Alvarado purports to demand a trial by jury.

### Prayer

78. Envolve denies that Alvarado or any alleged putative collective action members are entitled to any of the relief sought in the Complaint, including the relief identified in Paragraph 78(a)–(e) of the Complaint.

### III.     DEFENSES AND AFFIRMATIVE DEFENSES

Envolve asserts the following defenses and affirmative defenses, pleading in the alternative as necessary:

1. The Court lacks personal jurisdiction over Envolve with respect to any claims by non-Texas residents that Alvarado purports to include in the collective, pursuant to the decision by the United States Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S.Ct. 1773 (2017).

2. The Complaint fails to state a claim upon which relief may be granted.

3. Alvarado's claims cannot be maintained as a collective action under the FLSA because she is not similarly situated to the other members of the putative collective she purports to represent; therefore, Alvarado is an inadequate representative of the putative collective members.

4. Alvarado's claims, and those of allegedly similarly situated persons, are barred by the applicable statute(s) of limitations, including, but not limited to 29 U.S.C. § 255.

5. Alvarado's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA.

6. Alvarado's claims are barred or limited by good-faith efforts to comply with applicable federal and state employment and labor laws.

7. Alvarado's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 260, as well as 29 U.S.C. §§ 203(o), 207 and 254, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. These defenses also apply to the claims of the allegedly similarly situated persons.

8. The claims of Alvarado and/or members of the putative collective she purports to represent are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because Envolve acted in good faith, with reasonable grounds to believe it was not violating the FLSA.

9. Payments to Alvarado were made in good faith and in conformity with, and in reliance on, an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

10. Any alleged violations of the FLSA were not intentional or willful and, therefore, any claims by Alvarado that occurred more than two years prior to the date Alvarado filed the Complaint are barred by the applicable two-year statute of limitations under 29 U.S.C. § 255.

11. Under 29 U.S.C. § 207, Envolve is entitled to statutory credit toward any overtime compensation sought by Alvarado and/or any allegedly similarly situated person for any overtime payments Envolve already made during the relevant period.

12. Alvarado's claims are barred to the extent Alvarado and/or any allegedly similarly situated person did not work more than forty (40) hours in any given work week and, therefore, they are not entitled to overtime under 29 U.S.C. § 207.

13. Any amounts properly excluded from the calculation of the regular rate of pay under 29 U.S.C. § 207(e) must likewise be excluded from the calculation of any allegedly owed overtime rate of pay.

14. Alvarado lacks standing to be, and is not, an adequate representative of the putative collective action.

15. Alvarado's claims are barred because she and/or some members of the putative collective she purports to represent are exempt from the overtime requirements of the FLSA

under the administrative exemption, executive exemption, outside sales exemption, combination exemption, and/or the Motor Carrier Act.

16. Any bonuses Alvarado or other alleged putative collective members received were discretionary in nature and need not be included in the regular rate.

17. Liability and/or damages, if any, to Alvarado and each member of the putative collective she purports to represent may not be determined by the Court on a collective basis. Thus, allowing this action to proceed as a collective action would violate Envolve's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

18. Some or all of the disputed time, for which Alvarado and/or members of the putative collective she purports to represent seek recovery of wages allegedly owed, is not compensable pursuant to the de minimis doctrine.

19. The claims of Alvarado and/or members of the putative collective she purports to represent are barred by the doctrine of estoppel. To the extent Alvarado and/or members of the putative collective she purports to represent may have misled Envolve about their working hours or compensable activities, Alvarado and/or members of the putative collective she purports to represent may not profit from those actions.

20. Envolve did not suffer or permit work by Alvarado or any of the putative collective members she purports to represent without appropriate compensation.

21. To the extent Alvarado and/or members of the putative collective she purports to represent worked any uncompensated time, Envolve lacked actual or constructive knowledge of such work.

## IV.     RESERVATION OF RIGHTS

Envolve is continuing to investigate Alvarado's claims and allegations. Moreover, the Court has not decided whether Alvarado's lawsuit may proceed as a collective action. Envolve, therefore, reserves the right to amend its pleading, including the foregoing affirmative and other defenses, depending on evidence discovered in the course of this litigation and depending on the circumstances of any person who later joins this litigation as a party-plaintiff, as a collective action member, or in any other capacity. Envolve reserves its right to raise additional defenses as may be discovered during the course of this litigation, or pursue any available counterclaims against Alvarado or the putative collective action members based on facts learned during this litigation.

## V.     PRAYER

Defendant Envolve Client Services Group, LLC respectfully prays that the Court grant a take nothing judgment in favor of Envolve and dismiss all of Plaintiff Alma Alvarado's causes of action with prejudice. Envolve further seeks any other relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

DATED: October 7, 2022.                    Respectfully submitted,

             **PILLSBURY WINTHROP SHAW PITTMAN LLP**

          By: */s/ Casey Low*
            Casey Low
            Texas Bar No. 24041363
            Dillon J. Ferguson
            Texas Bar No. 06911700
            Michael H. Borofsky
            Texas Bar No. 24101534
            401 Congress Ave., Suite 1700
            Austin, Texas 78701
            Phone: (512) 580-9600
            Fax: (512) 580-9601
            casey.low@pillsburylaw.com
            dillon.ferguson@pillsburylaw.com
            michael.borofsky@pillsburylaw.com

            **ATTORNEYS FOR DEFENDANT**
            **ENVOLVE CLIENT SERVICES GROUP, LLC**

## CERTIFICATE OF SERVICE

  I certify that the foregoing document was filed on October 7, 2022 in accordance with the e-filing protocols of the United States District Court for the Western District of Texas, El Paso Division, and thus has been electronically served on the counsel of record consistent with those protocols.

                   */s/ Michael H. Borofsky*
                   Michael H. Borofsky