**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| ALMA ALVARADO, Individually and for Others Similarly Situated,<br><br>v.<br><br>ENVOLVE CLIENT SERVICES GROUP, LLC | Case No. 3:22-cv-00292-FM |

**ALVARADO'S OPPOSED MOTION TO TRANSFER**
**OR ALTERNATIVE MOTION TO DISMISS**

**1.      Introduction.**

Alma Alvarado seeks to represent a nationwide collective action on behalf of "[a]ll hourly accountants who worked for, or on behalf of, Envolve in the United States who worked off-the-clock in the past three years." Doc. 1 at ¶ 21. Envolve filed a partial motion to dismiss under Rule 12(b)(2), arguing this Court lacks personal jurisdiction over the claims those potential class members who did not work in Texas. Doc. 8. In other words, Envolve contends this Court lacks jurisdiction over the collective action Alvarado brought.

However, the Western District of Tennessee has jurisdiction over the collective action Alvarado brought. It has general jurisdiction over Envolve because Evolve is a Tennessee company with its principal place of business in Memphis, Tennessee. Envolve even admits the vast majority of the proposed class members work in the Western District of Tennessee. Doc. 8-1 at ¶ 5. So Alvarado asked if Envolve would agree to transfer to the Western District of Tennessee. Envolve refused.

Envolve wants to use this alleged lack of jurisdiction to break the proposed collective apart (before it is ever assembled) instead of simply agreeing to transfer it to a district that everyone agrees has jurisdiction. But the Fifth Circuit has held on multiple occasions that "Section 216(b) collective actions are intended 'to avoid multiple lawsuits where numerous employees have allegedly been

1

harmed by a claimed violation or violations of the FLSA by a particular employer.'" *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 227 (5th Cir. 2011) (citing *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 919 (5th Cir. 2008)). Granting Envolve's motion rather than transferring would simply result either in Alvarado having to dismiss her claims and refile in Tennessee, or in duplicative actions if the "dismissed" class members who worked in Tennessee file claims there.

Dismissal would encourage, if not mandate, multiple lawsuits. It certainly will not conserve judicial resources. Envolve's liability is neither increased nor diminished if this case is transferred. The interests of justice require the Court transfer this action to the Western District of Tennessee.

**2.      Transfer is proper rather than partial dismissal.**

"Whenever" a district court determines there is a "want of jurisdiction" in a civil action, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed...." 28 U.S.C. § 1631. The statute application is not to limited questions of subject matter jurisdiction, it also applies to a "want of" personal jurisdiction. *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 795 (5th Cir. 2021). However, "[t]he benefits of § 1631 are available only when the transferor court determines that it is 'in the interest of justice' to transfer the case rather than dismiss it, and [thus] the transferor court's discretion serves as a guard against the provision being abused to unfairly prejudice a defendant." *Id.* at 799 n. 8.

"The statute therefore requires a transfer when a district court lacks either type of jurisdiction and the other statutory prerequisites are met." *Id.* "A case is transferable pursuant to § 1631 when three conditions are met: (1) the transferee court would have been able to exercise jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interests of justice." *Harutyuanyan v. Love*, NO. 19-41, 2019 WL 5551901, at *4 (E.D. La. Oct. 28, 2019). All three elements are satisfied here.

### a. The Western District of Tennessee has general jurisdiction over Envolve.

It is undisputed that Envolve was organized and has its principal place of business is in Tennessee. *See* Doc. 8. Thus, Tennessee has general jurisdiction over Envolve. *See Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) (limited liability companies are "at home," and subject to general jurisdiction, where they are incorporated or have their principal place of business).

The Court can take judicial notice that Memphis, Tennessee is located in the Western District of Tennessee. FED. R. EVID. 201. Indeed, the Western District of Tennessee is itself located in Memphis. https://www.tnwd.uscourts.gov/western-division-office.php (last visited Nov. 1, 2022). Therefore, the Western District of Tennessee would have been able to exercise jurisdiction over the nationwide class as pled by Alvarado in her Complaint. *See* Doc. 1. The first element is satisfied.

### b. This Court lacks jurisdiction over the claims of potential class members who did not work in Texas.

Alvarado does not contest Envolve's partial motion to dismiss. She concedes for purposes of this suit this Court lacks jurisdiction over those opt-in plaintiffs who did not work in Texas. It is therefore uncontested in this case that the there is a "want of jurisdiction" of her action as pled. Alvarado thus respectfully requests the Court transfer her action to the Western District of Tennessee.

Transfer under § 1631 is appropriate even where the Court lacks personal jurisdiction over only part of the action. In *Donelon v. Pollick*, No. CV 20-00177-BAJ-RLB, 2021 WL 796145 (M.D. La. Mar. 2, 2021), the plaintiff brought fraud, negligent misrepresentation and breach of fiduciary duty claims against seven individuals and corporations. Four defendants moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, claiming they had little contact with Louisiana and their alleged actions took place in Florida where they resided. *Id.* at *1. In the alternative, two of the defendants argued the Court should transfer the action to the Middle District of Florida, arguing the plaintiff's complaint reflected the activities occurred there. *Id.* at *3. The Court ultimately found it lacked jurisdiction over three of the four defendants who moved to dismiss. *Id.* at *7-8. Rather than

3

dismiss, the Court found "transfer best serves the interests of justice and is a more appropriate remedy than dismissal." *Id.* at *8. Applying the three factors outlined in *Harutyuanyan*, the Court found that without the improperly joined defendant, there was no dispute the action could have been filed in the Middle District of Florida. *Id.* It further held that since it determined it lacked personal jurisdiction over the three banking defendants, "the first two elements of the test for transferability under § 1631 are satisfied." *Id.*

The *Donelon* court found transfer rather than dismissal would best serve the interests of justice, to avoid the "risk duplication of efforts among sister courts" and to avoid the "piecemeal resolution of issues that call for a uniform result." *Id.* at *9 (citing *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985)). The Court recognized that dismissing three defendants would not end the litigation, as Plaintiff's claims would continue in Louisiana against the remaining defendants, nor would dismissal "remove the threat of continued litigation" against the Banking Defendants, as "dismissal for lack of personal jurisdiction is not an adjudication on the merits, and is therefore a dismissal without prejudice." 2021 WL 796145 at *9. As such, it found transfer would "conserve judicial resources, avoid parallel litigation, and ensure a uniform answer to the question[s]" raised by the plaintiff's complaint. *Id.*

Similarly, in *Security Data Supply, LLC v. Nortek Sec. Control, LLC*, No. CV 17-10578, 2018 WL 2445615 (E.D. La. May 31, 2018), the plaintiff sued two competitors and its former sales representative for antitrust claims. Two of the defendants moved to dismiss for lack of personal jurisdiction. *Id.* at *1-2. The Court found it entirely lacked jurisdiction for one, and that specific jurisdiction was "murky at best" for the other. *Id.* at *4. It found severing the defendant, the case would "in effect be litigated twice. This would be a waste of resources for all parties involved and may cause additional evidentiary issues…" *Id.* Thus, rather than dismiss these two defendants, the Court chose to transfer the case to the Northern District of Texas, finding most of the evidence and witnesses were located there, and a

4

substantial part of the events took place there. *Id.* Moreover, because "all parties indicated that they believe Texas courts would have jurisdiction over all Defendants," it was appropriate to transfer the case in its entirety, rather than split it up piecemeal. *Id.* Even if this Court might have jurisdiction over Alvarado's individual claims there is an uncontested "want of jurisdiction" over her alleged collective action. Thus, there is no impediment to transfer under § 1631.

### c. The interests of justice support transfer rather than partial dismissal.

Courts have found transfer is appropriate where dismissal would "require a plaintiff to incur new filing fees and other costs" and "could raise issues regarding limitations.'" *Mr Showers, LLC v. Mr Shower Door, Inc.*, No. 4:21-CV-00520, 2021 WL 5918921, at *6 (E.D. Tex. Dec. 15, 2021) (citing *TransFirst Grp. Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 458 (N.D. Tex. 2017)). Dismissing the claims of potential class members who did not work in Texas will only result in additional costs, cause Alvarado to lose claims due to the statute of limitations, and delay notice to potential class members. Moreover, it will likely result in nearly duplicative litigation against Envolve in the very jurisdiction to which Alvarado seeks transfer.

The statute of limitations is at issue here. Actions to recover unpaid overtime wages under the FLSA must generally be brought no more than two years after the cause of action accrues. See 29 U.S.C. § 255(a). The limitations period is extended to three years when the plaintiff shows the violation was "willful." 29 U.S.C. § 256. The statute of limitations for a named plaintiff runs back from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date. *Id.*; *Tarango v. Chemix Energy Servs., LLC*, No. SA-18-CV-00370-XR, 2021 WL 1269905, at *2 (W.D. Tex. Apr. 6, 2021). If Envolve's motion to dismiss is granted, for Alvarado to pursue a nationwide claim, she would have to dismiss her own claims and refile in Tennessee. She would thus not only lose out on months' worth of wages, but this would cause additional delay before court-approved notice of the action to potential class members could issue. Transfer avoids the potential

prejudice to Alvarado and the putative class members. *See Turner v. Harvard MedTech of Nevada, LLC*, No. 1:22-CV-83-DAE, 2022 WL 3786842, at *5 (W.D. Tex. Aug. 8, 2022). ("Although Plaintiff has not alleged any facts concerning the statute of limitations, the Court finds that transfer would avoid any potential prejudice to Plaintiff refiling this case and also any prejudice regarding the costs of refiling").

Finally, courts recognize transferring a case to the defendant's home venue is in the interests of justice as it will not unduly burden or prejudice the defendant. *See, e.g., Mr Showers*, 2021 WL 5918921, at *6 ("Defendant[s] would not be unduly burdened, as the case would be tried where it has conducted business for many decades."); *Scoggins v. Dubrow*, No. H-20-3487, 2021 WL 4228609, at *5 (S.D. Tex. May 28, 2021) ("Defendants would not be unduly burdened, as the case would be tried in a state where they conduct business, reside, and where the [injury] took place"); *Verizon Directories Corp. v. Cohen, Jayson & Foster, P.A.*, No. CIVA 306-CV-2394-L, 2007 WL 2162105, at *4 (N.D. Tex. July 27, 2007) (determining that transfer, rather than dismissal, was appropriate to the court in the state in which the defendant has its principal place of business). Here, Envolve moved to dismiss part of the proposed class, offering evidence that only Tennessee would have general jurisdiction over it to support a nationwide class. Doc. 8 at 10-11; Doc. 8-1. It admitted the overwhelming majority of the proposed class worked in Memphis, TN. Doc. 8 at 5 ("Eight [hourly accountants or senior accountants] worked in Envolve's office in El Paso, Texas [and] [t]he remaining 37 worked in Envolve's Memphis office"); Doc. 8-1 at ¶ 5. Transferring to the Western District of Tennessee therefore will not burden Envolve and allows Alvarado to pursue her claim for all other similarly situated employees in a single, efficient action. This is precisely the purpose of 29 U.S.C. § 216(b). *See Roussell*, 441 F. App'x at 227; *Sandoz*, 553 F.3d at 919.

**3.      Alternatively, Alvarado moves to dismiss without prejudice under Rule 41.**

In the alternative, Alvarado respectfully requests the Court dismiss her action without prejudice so that she may refile in the Western District of Tennessee. Under Rule 41(a)(2) "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

Before dismissing without prejudice, courts must "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *see, e.g.*, *Jones v. Warren Unilube, Inc.*, No. 5:16-CV-264-DAE, 2016 WL 10967299, at *3 (W.D. Tex. Dec. 21, 2016) (granting voluntary dismissal even where the defendant claimed the plaintiff abused the judicial process by filing suit in an improper venue). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010); *see Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267 (5th Cir. 2012) ("it is plain legal precedent if a plaintiff files a dismissal of suit intending to avoid an imminent adverse result on summary judgment"); *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, No. 7:21-CV-00114-O, 2022 WL 2719630, at *7 (N.D. Tex. Apr. 12, 2022)(" Fifth Circuit precedent… finds legal prejudice when a plaintiff dismisses to avoid an imminent 'claim-dispositive motion' or 'strip[s] the defendant of an absolute defense.'").

The mere fact "that additional expenses will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Id.* at 317 n.3; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) ("If a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied"). "[I]t is no bar to

dismissal that plaintiff may obtain some tactical advantage" by dismissal, *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016), nor does the fact Envolve may "lose its preferred choice of forum" amount to legal prejudice. *Contreras v. Foster Elec. (U.S.A.), Inc.*, No. EP-21-CV-120-DB, 2022 WL 464640, at *3 (W.D. Tex. Feb. 15, 2022).

Envolve will suffer no plain legal prejudice if Alvarado refiles her collective action in the Western District of Tennessee, where Envolve is at home. This case is at its inception. *See Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) ("Important in assessing prejudice is the stage at which the motion to dismiss is made"). No discovery or depositions have taken place, no adverse ruling on the merits is imminent, and Envolve is not being deprived of a limitations defense. *See In re FEMA* Trailer, 628 F.3d at 162; *see, e.g.*, *Mock v. St. David's Healthcare P'ship, L.P., LLP*, No. A-19-CV-611-RP, 2021 WL 75699, at *5 (W.D. Tex. Jan. 8, 2021), adopted, 2021 WL 8080549 (W.D. Tex. Mar. 4, 2021) (recommending dismissal without prejudice where the plaintiff has been defending against a 12(b)(1) and 12(b)(6) motion to dismiss, the case was still in its preliminary stages, the parties had not engaged in discovery, and no limitations defense was adversely affected"). Dismissal without prejudice will not cause Envolve any plain legal prejudice, and should be granted, if this action is not transferred.[1]

**4.     Conclusion**

For these reasons, Alvarado requests this case be transferred to the Western District of Tennessee.

---

[1] To be clear, Alvarado prefers this Court transfer, not dismiss, this action.

8

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/ Andrew W. Dunlap*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew W. Dunlap**
State Bar No. 24078444
**Alyssa J. White**
State Bar No. 24073014
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

9

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on November 4, 2022.

                                                         */s/ Andrew W. Dunlap*
                                                         **Andrew W. Dunlap**

## CERTIFICATE OF CONFERENCE

      I hereby certify that prior to filing the instant Motion, Counsel for Plaintiff conferred with Counsel for Defendant regarding transferring the action to Tennessee, and Counsel for Defendant confirmed that it is **opposed** to the requested relief.

                                                         */s/ Andrew W. Dunlap*
                                                         **Andrew W. Dunlap**