UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ALMA ALVARADO,** | § | |
| ***Individually and for others similarly*** | § | |
| ***situated,*** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-00292-FM** |
| | § | |
| **ENVOLVE CLIENT SERVICES** | § | |
| **GROUP, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S**</u>
<u>**MOTION TO TRANSFER, AND GRANTING PLAINTIFF'S MOTION TO DISMISS**</u>

Before the court are "Defendant's Partial Motion to Dismiss for Lack of Personal

Jurisdiction Pursuant to Rule 12(b)(2)" ("Defendant's Motion") [ECF No. 8], filed October 7,

2022, by Envolve Client Services ("Defendant" or "Envolve"); and "Alvarado's Opposed

Motion to Transfer or Alternative Motion to Dismiss" ("Plaintiff's Motion") [ECF No. 16], filed

November 4, 2022, by Alma Alvarado ("Plaintiff" or "Alvarado"). For the foregoing reasons,

Defendant's Motion is **DENIED** and Plaintiff's Motion is **DENIED IN PART** and **GRANTED**

**IN PART**.

I.     <u>**BACKGROUND**</u>

Alvarado was an hourly accountant for Envolve, "a real estate and property management

company" headquartered in Tennessee.[1] She worked for Envolve "from approximately

December 2019 until March 2022," during which time she "worked close to 60 hours" per

---

[1] "Original Collective Action Complaint" ("Compl.") 3–4, ECF No. 1, filed Aug. 23, 2022.

week.[2] Envolve "required Alvarado to work through her lunch period, even as Envolve also required Alvarado to clock out for lunch."[3] Envolve frequently failed to pay Alvarado for work she did outside her scheduled start and end times or for overtime compensation when she worked in excess of forty hours in a week.[4]

Plaintiff filed a complaint in August 2022, alleging violations of the Fair Labor Standards Act ("FLSA") and seeking to represent a collective of all similarly situated accountants who have worked for Defendant.[5] Defendant, who does not reside in Texas, moved to dismiss Plaintiff's collective action to the extent it seeks to include claims against Defendant by putative nonresident collective action members where those claims are not based on Defendant's forum-related contacts.[6] In response, Plaintiff moved to transfer this action to the Western District of Tennessee—where Defendant is subject to general jurisdiction—pursuant to 28 U.S.C. ("Section") 1631 or, alternatively, to dismiss without prejudice under Federal Rule of Civil Procedure ("Rule") 41 so that she may refile in Tennessee.[7]

---

[2] *Id*. at 4.

[3] *Id*.

[4] *Id*. at 3–4.

[5] *See generally id.*

[6] "Defendant's Partial Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)" ("Def. Mot.") 1, ECF No. 8, filed Oct. 7, 2022.

[7] "Alvarado's Opposed Motion to Transfer or Alternative Motion to Dismiss" ("Pl. Mot.") 2, 7, ECF No. 16, filed Nov. 4, 2022.

## II.   <u>APPLICABLE LAW</u>

### A.   *Rule 12(b)(2)*

Rule 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant.[8]  A federal court may exercise jurisdiction over a nonresident defendant, provided state law confers such jurisdiction and its exercise comports with constitutional due process,"[9] which permits the exercise of jurisdiction only if the nonresident defendant has purposefully established "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[10]

The minimum contacts of a nonresident defendant with the forum state may support either "specific" or "general" jurisdiction.[11]  General jurisdiction exits "when defendant's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."[12]  When analyzing whether a court has specific jurisdiction, courts assess whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state; whether the plaintiff's cause of action arises out of the defendant's forum-related contacts; and whether the exercise of personal jurisdiction is fair and reasonable.[13]  These

---

[8] FED. R. CIV. P. 12(b)(2).

[9] *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260 (5th Cir.1983). *Omni Cap. Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 105–06 (1987).

[10] *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

[11] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Interfirst Bank Clifton v. Fernandez,* 844 F.2d 279, 282 (5th Cir. 1988), *opinion withdrawn in part on other grounds,* 853 F.2d 292 (1988).

[12] *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014); *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

[13] *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

requirements ensure a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party.[14]

### B.    Section 1631

Section 1631 authorizes courts to transfer civil actions when there is "a want of jurisdiction" to any other court in which the action "could have been brought at the time it was filed" if doing so "is in the interest of justice."[15]

### C.    Rule 41

Rule 41 allows for voluntary dismissal of actions. A plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared," the effect of which is dismissal without prejudice unless the notice or stipulation states otherwise.[16] If a plaintiff is unable to meet the above requirements, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[17] Dismissal by court order is without prejudice unless stated otherwise.[18]

## III.    DISCUSSION

Defendant, a Tennessee resident, moves to dismiss Plaintiff's FLSA collective action to the extent it asserts claims "on behalf of non-Texas employees, because the Court lacks personal jurisdiction over Envolve with respect to claims that arise from Envolve's conduct outside of

---

[14] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

[15] 28 U.S.C. § 1631.

[16] Fed. R. Civ. P. 41(a)(1).

[17] *Id*. at 41(a)(2).

[18] *Id*.

Texas."[19] Plaintiff, conceding this point, moves to transfer this action to the Western District of Tennessee pursuant to Section 1631 or, alternatively, to dismiss without prejudice under Federal Rule of Civil Procedure ("Rule") 41 so that she may refile in Tennessee.[20]

    A.    *Personal Jurisdiction Arguments are Premature*

Both parties agree the court lacks personal jurisdiction over FLSA claims by collective action members when those claims do not arise from a defendant's contacts with the forum state. But the law is not settled on this point: circuit courts disagree, and the Fifth Circuit has not weighed in.[21] Regardless, the court finds the issue is not ripe for decision since a collective action has not been conditionally certified.

Although the Fifth Circuit has not addressed whether jurisdictional questions concerning putative collective action members may be answered prior to those members opting in, the Court's decision in *Cruson v. Jackson National Life Insurance Co.*, a class action case,[22] is instructive. In *Cruson*, the defendant challenged personal jurisdiction with respect to nonresident

---

[19] Def. Mot. at 1, 5.

[20] Pl. Mot. at 2, 7.

[21] *Compare Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84 (1st Cir. 2022) (holding that FLSA does not bar collective actions by out-of-state employees since an alternative interpretation "would frustrate a collective action's two key purposes," namely "'enforcement'" and "'efficiency'") (quoting *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 435 (5th Cir. 2021)) *with Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 397 (6th Cir. 2021) (holding that district courts lack specific personal jurisdiction over FLSA claims brought by out-of-state opt-in collective action plaintiffs) *and Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 865 (8th Cir. 2021) (holding that district courts must have personal jurisdiction over each individual claim in a collective action since personal jurisdiction is determined "on a claim-by-claim basis.").

[22] Admittedly, class actions and collective actions are distinct. But *Cruson*'s lesson regarding prematurity of putative claims applies with equal force to collective actions: class members must affirmatively opt-out once a class has been certified whereas collective action members must opt in, making their connection to the collective action even more attenuated. In other words, once a class is certified, the claims of class members are presumptively before the court. But a collective action may be certified and yet receive no opt-ins. Thus, questions of personal jurisdiction over nonresident class members become live once that class is certified while questions of personal jurisdiction over nonresident collective action members may never arise, even after the collective is certified.

class members.[23] However, because a class had not yet been certified, those putative members "were not yet before the court."[24] "What brings putative class members before the court is certification," which is the "critical act" that "reifies the unnamed class members and, critically, renders them subject to the court's power."[25] Prior to certification, putative class member claims were "hypothetical," making them non-justiciable.[26] To assess their jurisdictional viability, therefore, would be "an impermissible advisory opinion on an abstract proposition of law."[27]

This prohibition on advisory opinions, moreover, is a constitutional mandate. "The Constitution grants Article III courts the power to decide 'Cases' or 'Controversies,'" which limits courts to hearing "live dispute[s] between adverse parties."[28] Advisory opinions, on the other hand, pass "judgment upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests."[29]

The instant case provides a stellar example: after Defendant moved to dismiss putative claims by nonresident employees by arguing the court lacked personal jurisdiction, Plaintiff conceded the point, thereby failing to press the contrary position, and simply moved to transfer

---

[23] *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020).

[24] *Id.*

[25] *Id.* (citation and internal quotation marks omitted).

[26] *Id.* at 250 (citation and internal quotation marks omitted).

[27] *Id.* (citation and internal quotation marks omitted); *see also Molock v. Whole Foods Market Grp., Inc.*, 952 F.3d 293, 295 (D.C. Cir. 2020) (holding that "[a]bsent class certification, putative class members are not parties before a court, rendering the defendant's motion [to dismiss all nonresident putative class member for lack of personal jurisdiction] premature.").

[28] *Carney v. Adams*, 141 S.Ct. 493, 498 (2020); U.S. Const. Art. III, § 2, Cl. 1.

[29] *United States v. Fruehauf*, 365 U.S. 146, 157 (1961).

venue.[30] Had the claims of opt-in collective action members been before the court, those members almost certainly would not have rolled over so easily. Furthermore, it is possible that no members opt-in to this putative collective action, adding to the possibility that any jurisdictional ruling would address a purely hypothetical issue.

Accordingly, Defendant's Motion is premature. The same is true for Plaintiff's Motion, to the extent it seeks to transfer the above-captioned cause under Section 1631 as there is no "want of jurisdiction"[31] in this federal question case: only Plaintiff and Defendant are currently before the court, and Defendant concedes the court has jurisdiction over it concerning Plaintiff's personal claim.

Finally, it is worth noting the court's conclusion today breaks with *Martinez v. Tyson Foods, Inc.* in which the United States District Court for the Northern District of Texas decided, at the motion to dismiss stage, questions of personal jurisdiction over would-be opt-in plaintiffs because it concluded failure to do so "would only sow confusion" (although it cites no authority for that position).[32] However, *Martinez* did not apply *Cruson*'s guidance that putative claims are "hypothetical" and therefore non-justiciable.[33] Instead, the Court attempted to distinguish *Cruson* by interpreting the Fifth Circuit as having merely analyzed "whether a personal jurisdiction defense had been brought too late instead of whether it was premature."[34] But *Cruson* held that a

---

[30] *See generally* Def. Mot.; Pl. Mot.

[31] *See* 28 U.S.C. § 1631.

[32] *Martinez v. Tyson Foods, Inc.*, 533 F.Supp.3d 386, 391 (N.D. Tex. 2021) (quoting *Greinstein v. Fieldcore Servs. Sols., LLC*, 2:18-CV-208-Z, 2020 WL 6821005, at *3 (N.D. Tex. Nov. 20, 2020)). Other district courts have also addressed the personal jurisdiction issue on a motion to dismiss and dismissed putative claims. *See Knecht v. C & W Facility Sers. Inc.*, 534 F.Supp.3d 870, 875 (S.D. Ohio 2021) (collecting cases).

[33] *See Cruson*, 954 F.3d at 251 (citation and internal quotation marks omitted).

[34] *See Martinez*, 533 F.Supp.3d at 391.

personal jurisdiction defense was timely precisely *because* it could not have been raised prior to the relevant putative claims coming before the court (i.e., it would have been premature).[35] Nor does *Martinez* contend with *Cruson*'s explanation that premature rulings on the jurisdiction of putative claims are merely advisory opinions, which violate the Constitution.[36] As such, this court declines to follow *Martinez*.

        B.    *Plaintiff's Motion to Voluntarily Dismiss Without Prejudice*

In the alternative to transfer, Plaintiff moves to dismiss the above-captioned cause without prejudice "so that she may refile in the Western District of Tennessee."[37] Because Defendant 1) filed an answer[38] and 2) opposes Plaintiff's motion to dismiss without prejudice,[39] Plaintiff may voluntarily dismiss "only by court order, on terms that the court considers proper."[40] Dismissal by court order is without prejudice unless stated otherwise.[41]

A court should freely grant a motion for voluntary dismissal, "absent some evidence of abuse by the movant," unless the defendant can show they will suffer legal prejudice.[42] The prospect of the defendant facing a second lawsuit or of the plaintiff gaining a future tactical

---

[35] *Cruson*, 954 F.3d at 250 ("The issue, then, is whether the personal jurisdiction defense was 'available' under Rule 12(g)(2) when Jackson filed its Rule 12 motions. We conclude it was not. Jackson's objection to personal jurisdiction concerned only class members who were non-residents of Texas. Those members, however, were not yet before the court").

[36] *See id.*; U.S. Const. Art. III, § 2, Cl. 1 (limiting the judicial power of the United States to "Cases" and "Controversies").

[37] Pl. Mot. at 7.

[38] *See* "Defendant's Original Answer to Plaintiff's Original Collective Action Complaint," ECF No. 9, filed Oct. 7, 2022.

[39] *See* "Defendant's Response to Alvarado's Opposed Motion to Transfer Venue or Alternative Motion to Dismiss" 10, ECF No. 23, filed Dec. 2, 2022.

[40] Fed. R. Civ. P. 41(a)(2).

[41] *Id.*

[42] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

advantage does not result in legal prejudice.[43] A defendant does suffer legal prejudice, however, when voluntary dismissal may strip it of a valuable defense, such as a statute of limitations or *forum non conveniens* defense.[44] Legal prejudice may also result "when a party proposes to dismiss the case at a late stage of pretrial proceedings" or "seeks to avoid an imminent adverse ruling."[45]

Defendant argues voluntary dismissal is inappropriate here because it will suffer legal prejudice. First, it argues dismissal would deprive it of the protections of *Swales v. KLLM Transportation Services, L.L.C.*[46] But that case did not establish a specific defense that Defendant now risks losing. Rather, the Fifth Circuit in *Swales* merely broke with other circuit courts by declining to apply a common two-step method for certifying collective actions and instead articulated an arguably more defendant-friendly standard.[47] As such, allowing Plaintiff to dismiss and potentially refile in a non-*Swales* jurisdiction merely affords Plaintiff a possible tactical advantage, which is not legal prejudice.[48] Defendant's attempt to stretch the binary loss-of-a-defense principle—where a party risks being "stripped of [a] defense entirely"[49]—into one covering any generalized loss of advantage is therefore unavailing.

Second, Defendant argues it will suffer legal prejudice since Plaintiff is facing an imminent "adverse ruling," namely with respect to Defendant's motion to dismiss claims by

---

[43] *Id.*; *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

[44] *Elbaor*, 279 F.3d at 318–19.

[45] *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

[46] Def. Mot. at 11.

[47] *Swales*, 985 F.3d at 443.

[48] *See Manshack*, 915 F.2d at 174.

[49] *See Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, (5th Cir. 1990).

nonresident putative collective action members.[50] As explained above, however, any ruling on Defendant's Motion would be premature. Thus, no adverse ruling is imminent.

Alternatively, if the court chooses to grant Plaintiff's motion to dismiss without prejudice, Defendant asks that it be conditioned on Plaintiff's payment of costs and attorneys' fees.[51] Rule 41(a)(2) permits a court to grant a plaintiff's motion for voluntary dismissal while also attaching conditions, such as the payment of costs and attorneys' fees.[52] However, such conditions are generally only appropriate "if the defendant has incurred substantial costs in defending against the claim."[53] This is because "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice, and "the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice.'"[54]

*Hartford Accident & Indemnity Co. v. Costa Lines Cargo Services, Inc.* "is useful in determining what amount of time and effort spent in defending a suit is 'significant' enough to support denying or conditioning a Rule 41(a)(2) motion."[55] There, the plaintiff "moved to dismiss [the] action without prejudice nearly ten months after the action was removed to federal court. Before that motion was filed, hearings were conducted on various issues, significant discovery was had, [one defendant] had already been granted summary judgment, and a jury trial

---

[50] Def. Mot. at 12.

[51] *Id.* at 13.

[52] *Balistreri v. Metro. Life Ins. Co.*, 272 Fed.App'x. 345, 346 (5th Cir. 2008) (citing FED. R. CIV. P 41(a)(2)); *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129 (5th Cir. 1978).

[53] *John. M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed.App'x. 76, 79 (5th Cir. 2010) (citing *Elbaor*, 279 F.3d at 317–18 & n. 3).

[54] *Elbaor*, 279 F.3d at 317 & n. 3 (citation omitted).

[55] *John. M. Crawley, L.L.C.*, 394 Fed.App'x. at 79 (analyzing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352 (5th Cir. 1990)).

had been set for the remaining defendants. Clearly, the defendants expended significant time and effort litigating this action and [the plaintiff] was far less than prompt in seeking voluntary dismissal."[56]

The instant case in quite unlike *Hartford Accident & Indemnity Co.*: Plaintiff filed her complaint in late August 2022, roughly five months ago.[57] Defendant filed an answer as well as a short motion to dismiss in October.[58] In response, Plaintiff filed a motion to transfer or voluntarily dismiss.[59] A schedule has not been set and there have been no hearings or discovery. Plaintiff is therefore not seeking to dismiss "at a late stage of pretrial proceedings" nor have the parties expended "significant" amounts of time and energy litigating.[60] As such, Defendant will not suffer plain legal prejudice by an unconditional grant of Plaintiff's motion to voluntarily dismiss. Neither is there evidence of abuse by Plaintiff. Accordingly, Plaintiff's motion for voluntary dismissal "should be freely granted." [61]

## IV.   CONCLUSION

Accordingly, the court enters the following orders:

1. It is **HEREBY ORDERED** that "Defendant's Partial Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)" [ECF No. 8] is **DENIED** as premature.

2. It is **FURTHER ORDERED** that "Alvarado's Opposed Motion to Transfer or Alternative Motion to Dismiss" [ECF No. 16] is **DENIED** to the extent it seeks to

---

[56] *Hartford Accident & Indem. Co.*, 903 F.2d at 361.

[57] *See* Compl.

[58] *See* Def. Mot.

[59] *See* Pl. Mot.

[60] *See In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d at 162; *John. M. Crawley, L.L.C.*, 394 Fed.App'x. at 79; *Hartford Accident & Indem. Co.*, 903 F.2d at 361.

[61] *See Elbaor*, 279 F.3d at 317.

transfer the above-captioned cause pursuant to Section 1631 and **GRANTED** to the extent it seeks to voluntarily dismiss the above-captioned cause.

**SIGNED AND ENTERED** this **31st** day of **January 2023.**

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**